# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

**BRIAN ROBERTSON et al.,**

              **Plaintiffs,**

        **v.**

**JENNIFER ALLEN et al.,**

              **Defendants.**

**1:15-cv-11
(GLS/CFH)**

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

**APPEARANCES:**          **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Brian Robertson
Pro Se
5102 Eagle Perch Way
Greensboro, NC 27407

Keri Robertson
Pro Se
5605 Devon Dr.
Harrisburg, PA 17112

**FOR THE DEFENDANTS:**
*Jennifer Allen*, *Pamela Joern, Esq.*,
*Jillian E. Jackson, Esq.*, *Melissa Roche*,
*Michael C. Mauceri, Esq.*, *Ulster
County Department of Social Services*,
*Ulster County*, *Michael Hein*, *Ulster
County Public Defenders Office*,
*Michael Ipoace*[1]

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾

[1] Plaintiffs incorrectly spelled Michael Ipoace's name in their complaint. (Dkt. No. 42, Attach. 1 at 1). The court directs the Clerk to amend the caption to reflect the correct spelling of "Michael Iapoce."

Maynard, O'Connor Law Firm      ADAM T. MANDELL, ESQ.
Route 9W
P.O. Box 180
Saugerties, NY 12477

*Andrew J. Gilday*, *Esq.*
Cabaniss Casey LLP      DAVID B. CABANISS, ESQ.
4 Tower Place, Suite 100
Albany, NY 12203

Barclay Damon LLP      JONATHAN H. BARD, ESQ.
80 State Street
Albany, NY 12207

*Lawrence R. Shelton, Esq.*
NO APPEARANCE

*Marian B. Cocose, Esq., Ted J.*
*Stein, Esq.*, *Stein Legal Services*,
*Karen McGeeney*
Office of Eric Schneider      ERIC SCHNEIDER, ESQ.
P.O. Box 3936
Kingston, NY 12402

*Anthony McGinty*, *Ulster County*
*Family Court*, *New York State Bar*
*Association*, *New York Attorney*
*Generals Office*, *New York State*
*Commission on Judicial Conduct*,
*New York Department of Criminal*
*Justice System*, *Donna Weiner*
HON. ERIC T. SCHNEIDERMAN      KEITH J. STARLIN
New York State Attorney General      Assistant Attorney General
Litigation Bureau
The Capitol
Albany, NY 12224

*Dr. Rebecca Arp*
Burke, Scolamiero, Mortati &
Hurd, LLP
7 Washington Square
P.O. Box 15085
Albany, NY 12212

ADAM C. HOVER, ESQ.
PETER M. SCOLAMIERO, ESQ.

*Cappy Weiner*
Wilson, Elser Law Firm
677 Broadway-9th Floor
Albany, NY 12207

PETER A. LAURICELLA, ESQ.

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs, husband and wife, Brian Robertson ("B. Robertson") and

Keri Robertson ("K. Robertson") commenced this action *pro se* against

twenty-five defendants[2] alleging constitutional and statutory violations in

connection with New York State Family Court proceedings.  (Compl., Dkt.

---

[2] Plaintiffs sued the following defendants: Jennifer Allen, Pamela Joern, Esq., Jillian E. Jackson, Melissa Roche, Michael C. Mauceri, Esq., Ulster County Department of Social Services, Ulster County, Michael Hein, Ulster County Public Defenders Office, and Michael Iapoce (collectively "county defendants"); Anthony McGinty, Ulster County Family Court, New York State Bar Association, New York Attorney Generals Office, New York State Commission on Judicial Conduct, New York Department of Criminal Justice System, and Donna Weiner (collectively "state defendants"); Marian B. Cocose, Esq., Ted J. Stein, Esq., Stein Legal Services, and Karen McGeeney (collectively "Stein defendants"); as well as Andrew J. Gilday, Esq, Lawrence R. Shelton, Esq., Dr. Rebecca Arp, and Cappy Weiner.

No. 1.)  Pending are motions to dismiss by state defendants, (Dkt. No. 15),

Stein defendants, (Dkt. No. 20), county defendants, (Dkt. No. 42),

defendant Cappy Weiner, (Dkt. No. 58), and defendant Andrew Gilday,

Esq., (Dkt. No. 67), on grounds including lack of subject matter jurisdiction,

lack of personal jurisdiction, improper service, and failure to state a claim.

Also pending is defendant Dr. Rebecca Arp's motion for judgment on the

pleadings.  (Dkt. No. 54.)  For the reasons that follow, the motions are

granted and plaintiffs' complaint is dismissed.  As such, Dr. Arp's cross

claims for indemnification or contribution against all defendants are

dismissed.  (Dkt. No. 26 ¶¶ 70-71.)  Additionally, Dr. Arp has recently

passed away, (Dkt. No. 77), and ninety days have passed without a motion

for her substitution by any party, (Dkt. No. 78).  Accordingly, the claims by

and against Dr. Arp are also dismissed for this reason.  *See* Fed. R. Civ. P.

25(a).

## II.  **Background**

### A.    **Facts**

Initially, the court notes that plaintiffs filed a 156-page complaint

without numbered paragraphs of which the first seventy-two pages contain

almost exclusively legal conclusions.  (*See generally* Compl.)  Plaintiffs'

complaint also includes transcript excerpts purportedly from the Family Court proceedings and diary entries replete with minute details of those proceedings. Plaintiffs appear to allege numerous causes of action, but, in most instances, fail to attribute their claims to the conduct of any particular defendant. Nonetheless, the court has endeavored to decipher plaintiffs' claims and organize a chronology of the factual background, although, much remains disjointed. To assist the court in this endeavor, it has taken judicial notice of the decisions, orders, and filings in the underlying Family Court proceedings.[3] *See Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 166 n.3 (2d Cir. 2012). The factual background is divided between the procedural history of the Family Court proceedings and, to the extent they are decipherable, the factual allegations against particular defendants.

### 1. New York Family Court Procedural History

---

[3] The court takes judicial notice of the following decisions, orders, and judgments: (1) Family Court's Decision and Order dated March 29, 2013, (Dkt. No. 42, Attach. 13); (2) the June 5, 2014 Appellate Division Opinion and Order, (Dkt. No. 42, Attach. 14 at 1-3); (3) the September 11, 2014 Court of Appeals Opinion, (Dkt. No. 42, Attach. 14 at 4); (4) Family Court's Decision after Dispositional Hearing dated September 30, 2014, (Dkt. No. 42, Attach. 17); (5) the November 6, 2014 Family Court Order of Fact-Finding and Disposition, (Dkt. No. 42, Attach. 15); (6) K. Robertson's Notice of Appeal dated October 9, 2014, (Dkt. No. 42, Attach. 18); and (7) B. Robertson's Notice of Appeal dated November 19, 2014, (Dkt. No. 42, Attach. 16).

Plaintiffs are the biological parents of minor daughter L.R. (Compl. at 76.) L.E. is the minor son of K. Robertson from a previous relationship, and B. Robertson is his stepfather. (*Id.* at 100-01.) From 2011 through the commencement of the Family Court proceedings, plaintiffs resided together with L.R. and L.E. in Ellenville, New York. (*Id.* at 110-11.)

In March 2012, B. Robertson was designated a level three sex offender under New York's Sex Offender Registration Act (SORA). (*Id.* at 101-02); *see* N.Y. Correction Law art. 6-C. After an investigation, the Ulster County Department of Social Services (DSS) filed petitions alleging both plaintiffs neglected the children. (Compl. at 101-02.) DSS alleged that B. Robertson was a registered sex offender who resided with his two-year-old daughter and fourteen-year-old stepson. (*Id.* at 100-01.) DSS claimed that B. Robertson never participated in, or completed his sex offender treatment in violation of his post-release supervision. (*Id.*) DSS also alleged that K. Robertson allowed her husband unsupervised access to her son and daughter despite being a classified sex offender. (*Id.* at 102.) DSS contended that K. Robertson was aware that her husband was convicted of two sex crimes, which included vaginal intercourse with an eighteen-month-old child and placing his penis in the mouth of his other

6

daughter who was two years old at the time.  (*Id.*)

In March 2013, Family Court found that L.R. and L.E. had been neglected by plaintiffs for the reasons stated in the petition, and this finding was affirmed on appeal.  (Dkt. No. 42, Attachs. 13, 14.)  After a dispositional hearing, Family Court entered a final order.  (Dkt. No. 42, Attach. 15.)  The court ordered that B. Robertson be placed under the supervision of DSS for one year, have no visitation or contact with L.R. and only supervised telephone contact with L.E., attend and complete sex offender treatment, and comply with the court's order of protection.  (*Id.* at 3-5.)  The court granted K. Robertson custody of the children, placed her under the supervision of DSS for one year, and required her to attend counseling and to comply with the court's order of protection.  (*Id.* at 8-9.)  Plaintiffs separately filed notices of appeal, and the appeals remain pending.  (Dkt. No. 42, Attachs. 16, 18.)

2.    *Jennifer Allen and Pamela Joern*

Jennifer Allen, a case worker, and Pamela Joern, an attorney, are both employed by DSS.  (Compl. at 77, 100.)  Allen filed the above-referenced neglect petitions against plaintiffs.  (*Id.* at 79-80, 88, 101.)  At the fact-finding hearing in Family Court, Joern argued in her opening

statement that the evidence would establish the allegations in the neglect petitions.  (*Id.* at 100.)

B. Robertson attended Christian counseling and asserts that it fulfills his mandatory sex offender treatment.  (*Id.* at 83-84, 89.)  Additionally, plaintiffs maintain there is "no credible evidence" that B. Robertson was left alone with the children.  (*Id.* at 81.)  In light of these facts, plaintiffs contend that Allen filed an illegal neglect petition, and Joern argued in support of the illegal neglect petition.  (*Id.* at 91, 100.)

### 3.    *Marion Cocose and Pamela Joern*

As required by New York law, *see* N.Y. Fam. Ct. Act § 249, Marion Cocose was appointed as attorney for the child L.R.  (Compl. at 104.) During the Family Court proceedings, Cocose and Joern assisted each other by asking the witnesses questions that the other attorney forgot to ask.  (*Id.*)  Cocose and Joern communicated throughout the proceedings by passing notes and whispering.  (*Id.*)  On the basis of these facts, plaintiffs allege Cocose and Joern had a conflict of interest by colluding with each other and that Cocose failed to effectively represent L.R. because of such collusion.  (*Id.* at 103-04.)

### 4.    *Michael Mauceri*

Mauceri represented B. Robertson at the Family Court proceedings apparently as his appointed counsel. (*Id.* at 87); *see* N.Y. Fam. Ct. Act § 262. B. Robertson informed Mauceri that DSS had filed an illegal neglect petition. (Compl. at 87.) B. Robertson drafted a motion to dismiss the petition and wanted Mauceri to file his motion. (*Id.* at 88.) Mauceri filed his own motion to dismiss, which was subsequently denied by Family Court. (*Id.* at 95.) During the fact-finding hearing, B. Robertson complained to the presiding judge, the Honorable Anthony McGinty, that Mauceri would not file a motion for summary judgment to dismiss the neglect petition. (*Id.*) Judge McGinty explained to B. Robertson that he already denied his attorney's motion to dismiss and the attorney would have a later opportunity to advocate for certain findings. (*Id.*) During the dispositional proceeding, Judge McGinty also sustained an objection to Mauceri's questioning of a witness and Mauceri abided by the court's ruling. (*Id.* at 96.) On the basis of these facts, plaintiffs contend that Mauceri ineffectively represented B. Robertson. (*Id.* at 94, 96-100.)

5.   *Judge McGinty*

Judge McGinty presided over all phases of the Family Court proceedings against plaintiffs. (Dkt. No. 42, Attachs. 13, 15, 17.) Despite

9

knowing of alleged violations that occurred during the Family Court proceedings, plaintiffs claim that Judge McGinty failed to remedy any of the conduct by Allen, Joern, Cocose, and Mauceri, *see supra* Part II.A.2-4. (Compl. at 94, 100, 104.)

### 6. Karen McGeeny

Karen McGeeny is a freelance transcriptionist who was the court reporter for the Family Court proceedings. Plaintiffs contend she falsified the transcripts of the Family Court proceedings. (*Id.* at 110.)

### 7. Cappy Weiner

Cappy Weiner is an attorney who represented plaintiffs at an unknown point in the Family Court proceedings. (*Id.*) Weiner's wife, Donna Weiner, works for Judge McGinty and plaintiffs allege Weiner had a conflict of interest because he did not inform them of his wife's employer. (*Id.*)

## B. **Procedural History**

Plaintiffs commenced this action on January 5, 2015 by filing a 156-page complaint. (*See generally* Compl.) Plaintiffs sent a summons and complaint by certified mail to all defendants except for Ulster County. (Dkt. No. 8.) Ulster County was not served by any method. Dr. Arp answered,

asserted affirmative defenses, and cross-claimed against all defendants for indemnification or contribution.  (Dkt. No. 26.)  Gilday also answered and asserted affirmative defenses.  (Dkt. No. 50.)  All other defendants filed pre-answer motions to dismiss on various grounds.  (Dkt. Nos. 15, 20, 42, 58.)  Dr. Arp and Gilday subsequently filed their own motions, a motion for judgment on the pleadings and a motion to dismiss, respectively.  (Dkt. Nos. 54, 67.)

## III.  <u>Standards of Review</u>

### A.  <u>Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "In resolving a motion to dismiss for lack of subject matter jurisdiction . . . a district court . . . may refer to evidence outside the pleadings."  *Id.*  "[W]hen the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it."  *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998).

**B.    Motion to Dismiss for Lack of Personal Jurisdiction**

When a defendant calls personal jurisdiction into question by invoking Rule 12(b)(2), the plaintiff bears the burden of satisfying the court that it has jurisdiction over the moving defendant.  *See MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012).  In the absence of an evidentiary hearing, the plaintiff's "allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Id.* (internal quotation marks and citation omitted).

**C.    Motion to Dismiss for Insufficient Service of Process**

When a defendant moves to dismiss for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure, "[t]he burden is on the plaintiff to establish that his service was not insufficient." *DiFillippo v. Special Metal Corp.*, 299 F.R.D. 348, 353 (N.D.N.Y. 2014) (internal quotation marks and citation omitted).  "Conclusory statements that a defendant was properly served are insufficient to meet that burden." *Flemming v. Moulton*, No. 9:13-CV-1324, 2015 WL 5147035, at *4 (N.D.N.Y. Sept. 1, 2015) (internal quotation marks and citation omitted). "In resolving the motion, the court must look to matters outside the complaint to determine what steps, if any, the plaintiff took to effect

service." *Id.* (internal quotation marks and citation omitted).  If service is deficient, "the court may, but is not required to, dismiss the action[, or] the court may grant leave to allow the plaintiff to cure the insufficiency." *DiFillippo*, 299 F.R.D. at 353 (internal quotation marks and citation omitted).

### D. Motion to Dismiss for Failure to State a Claim and Motion for Judgment on the Pleadings

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Wright v. Monroe Cmty. Hosp.*, 493 F. App'x 233, 234 (2d Cir. 2012) (internal quotation marks and citation omitted).  For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on other grounds by J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2d Cir. 2015).

## IV.  Discussion

### A.  Subject Matter Jurisdiction

County defendants argue that the court does not have jurisdiction over the action under the *Rooker-Feldman* and *Younger* doctrines.  (Dkt.

No. 42, Attach. 1 at 3-5.) Regarding the *Rooker-Feldman* doctrine, county defendants contend that plaintiffs ask the court to vacate the underlying Family Court order. (*Id.* at 4.) In reply, B. Robertson[4] does not address county defendants' arguments, but appears to assert that the court has both diversity and federal question jurisdiction. (Dkt. No. 70 at 5-7.)

Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction over appeals from state court judgments. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). To determine if this doctrine applies, a court must assess whether the following four substantive and procedural requirements are met: (1) the plaintiff complains of an injury from a state court judgment; (2) the plaintiff seeks federal court review and rejection of the state court judgment and; (3) the federal action is commenced after the state court judgment; and (4) the same parties are in both suits. *See Hoblock*, 422 F.3d at 85, 89.

_____

[4] Only B. Robertson signed the response to defendants' motions. As a *pro se* litigant, B. Robertson cannot represent the interest of other *pro se* parties. *See Snyder v. Perry*, No. 14-CV-2090, 2015 WL 1262591, at *5 (E.D.N.Y. Mar. 18, 2015). Therefore, only B. Robertson, and not K. Robertson, responded to defendants' motions.

The *Younger* doctrine, on the other hand, requires a federal court to abstain where, "(1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Liberty Mut. Ins. Co. v. Hurlbut*, 585 F.3d 639, 647 (2d Cir. 2009) (internal quotation marks and citations omitted); *see also Younger v. Harris*, 401 U.S. 37 (1971). A federal court, however, may "intervene in a state proceeding upon a showing of bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (internal quotation marks and citation omitted).

First, the *Rooker-Feldman* doctrine divests this court of jurisdiction over some of plaintiffs' claims. It is clear that the neglect findings against both plaintiffs are final, (Dkt. No. 42, Attachs. 13, 14), and plaintiffs commenced this federal action after their state court appeals had been exhausted, (Compl.). It is similarly clear that plaintiffs filed the federal action against DSS, which was a party to the Family Court proceeding. (*Id.*) It also appears that plaintiffs allege they were statutorily and constitutionally injured by the neglect findings, and seek federal court

review to vacate that order.  (*Id.* at 77, 109.)  Accordingly, the court is

without jurisdiction the hear plaintiffs' claims against DSS attacking Family

Court's neglect findings.  *See Phifer v. City of New York*, 289 F.3d 49, 57

(2d Cir. 2002) (holding that challenges to final state court custody, neglect,

and visitation findings are precluded by *Rooker-Feldman*).

　　　To the extent that plaintiffs challenge Family Court's dispositional

orders, the court abstains under the *Younger* doctrine.  First, this portion of

the Family Court proceeding is ongoing as plaintiffs' appeals from the

dispositional orders remain pending.  (Dkt. No. 42, Attachs. 16, 18.); *see*

*Kirschner v. Klemons*, 225 F.3d 227, 234 (2d Cir. 2000).  Second, the suit

concerns family relationships, which is a matter traditionally reserved for

the state and raises important state interests.  *See, e.g.*, *Fleming ex rel.*

*Fleming v. Grosvenor*, No. 08-CV-3074, 2008 WL 3833589, at *3 (E.D.N.Y.

Aug. 15, 2008).  Finally, plaintiffs may pursue their constitutional claims on

appeal in state court.  *See Hansel v. Town Court for Springfield*, 56 F.3d

391, 394 (2d Cir. 1995) (holding that state court review is inadequate under

*Younger* only if a plaintiff is procedurally or technically barred from raising a

constitutional injury).  Furthermore, plaintiffs have not plausibly alleged that

any exception to the *Younger* doctrine applies.  *See Diamond "D" Constr.*

*Corp.*, 282 F.3d at 198-202.

Plaintiffs' complaint, however, is not completely dismissed by either doctrine. Construing the pleading liberally, plaintiffs appear to allege injuries beyond or outside of Family Court's neglect finding or dispositional order and, thus, the complaint is not entirely dismissed on abstention grounds.

**B.  Service**

Nearly all defendants move to dismiss for deficient service under either Rule 12(b)(2) or 12(b)(5) of the Federal Rules of Civil Procedure. (Dkt. No. 15, Attach. 21 at 3-7; Dkt. No. 20, Attach. 4 at 9-12; Dkt. No. 42, Attach. 1 at 2; Dkt. No. 58, Attach. 4 at 8-9; Dkt. No. 67, Attach. 2 at 2-3.) All argue that they were improperly served by certified mail, and, accordingly, the action should be dismissed. (Dkt. No. 15, Attach. 21 at 3-7; Dkt. No. 20, Attach. 4 at 9-12; Dkt. No. 42, Attach. 1 at 2; Dkt. No. 58, Attach. 4 at 8-9; Dkt. No. 67, Attach. 2 at 2-3.) In their complaint, plaintiffs aver that service was made pursuant to Rule 5 of the Federal Rules of Civil Procedure. (Compl. at 75-76.) In opposition to the motions, B. Robertson argues that New York allows service by certified mail under N.Y. C.P.L.R. § 312-a. (Dkt. No. 70 at 4.)

Service of process in a civil suit is governed by Rule 4 of the Federal Rules of Civil Procedure. *See Kurzberg v. Ashcroft*, 619 F.3d 176, 183 (2d Cir. 2010). Under Rule 4(e), the method for serving an individual within the United States is by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> >
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> >
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

New York allows for personal service of an individual by: (1) personal delivery; (2) "delivering and mailing"; or (3) serving a designated agent. N.Y. C.P.L.R. § 308(1)-(3); *see* Vincent C. Alexander, Practice Commentaries, McKinney's Cons. Laws of N.Y., C.P.L.R. § 308, C308:2-4. If service "cannot be made with due diligence" under either N.Y. C.P.L.R.

18

§ 308(1) or (2), then personal service may be effectuated by "affixing and mailing" the summons and complaint. N.Y. C.P.L.R. § 308(4); *see* Vincent C. Alexander, Practice Commentaries, McKinney's Cons. Laws of N.Y., C.P.L.R. § 308, C308:5. B. Robertson correctly notes that personal service may also be made by first class, certified mail under N.Y. C.P.L.R. § 312-a. However, for service to be complete, the defendant must return a signed acknowledgment of receipt to the plaintiff. *See* N.Y. C.P.L.R. § 312-a(b). Here, plaintiffs never mailed acknowledgments of receipt with their summons and complaints, and defendants never signed such an acknowledgment. (Dkt. No. 15, Attachs. 3-20; Dkt. No. 20, Attachs. 1-3; Dkt. No. 42, Attachs. 2-5; Dkt. No. 58, Attach. 3; Dkt. No. 67, Attach. 1.)

Plaintiffs also attempted to serve a corporation, state government subdivisions, and a county government, its subdivisions, and its officials. A corporation served within the United States must be served in the same manner as an individual under Fed. R. Civ. P. 4(e)(1) or:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant.

19

Fed. R. Civ. P. 4(h)(1)(B).  A state government and its subdivisions must be served by either "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law."  Fed. R. Civ. P. 4(j)(2).

New York provides that service on the state must be made by either personal delivery to: (1) the Attorney General within the state or (2) an Assistant Attorney General at any office of the Attorney General within the state.  *See* N.Y. C.P.L.R. § 307(1).  Service on a state agency may be made by personal delivery on the person designated by the agency to receive service or by mailing via certified mail to such person and by personal delivery in accordance with N.Y. C.P.L.R. § 307(1).  *See id.* § 307(2).  New York requires that service upon a court be made by personal delivery to any judge sitting on that court.  *See id.* § 312.  Finally, to serve a New York county, county agency, or county official sued in his or her official capacity, a plaintiff must arrange for personal delivery on "the chair or clerk of the board of supervisors, clerk, attorney or treasurer" of that county.  *Id.* § 311(a)(4); *see Baity v. Kralik*, 51 F. Supp. 3d 414, 430 (S.D.N.Y. 2014).

Here, plaintiffs attempted to serve individuals, the subdivisions of the

20

state government, a county government and its subdivisions and officials, and a corporation. Plaintiffs did not comply with the service requirements for any of these defendants. *See supra* pp. 17-20. Rather, plaintiffs only sent a copy of the summons and the complaint by certified mail. (Compl. at 75; Dkt. No. 8.) Plaintiffs contend that they served defendants pursuant to Rule 5 of the Federal Rules of Civil Procedure. (Compl. at 75.) Rule 5, however, does not govern service of process of the original summons and complaint. *Compare* Fed. R. Civ. P. 4, *with* Fed. R. Civ. P. 5. Nor, as noted above, did plaintiffs fully comply with N.Y. C.P.L.R. § 312-a. Accordingly, plaintiffs did not properly serve any defendant.

In actions commenced by *pro se* parties, courts liberally construe the requirements of service of process. *See Momot v. Derkowski*, No. 1:13-CV-987, 2014 WL 4637038, at *2 (N.D.N.Y. Sept. 16, 2014). Deficient service is harmless error if the defendant "has actual knowledge of the action and no prejudice results from the deficiency." *Id.* (internal quotation marks and citation omitted). Before the December 2015 amendment, a plaintiff had 120 days to serve a defendant after the complaint was filed. *See* Fed. R. Civ. P. 4(m) (amended Dec. 1, 2015). Courts must extend this time if a plaintiff demonstrates "good cause" for failure to timely serve

defendants.  Fed. R. Civ. P. 4(m); *see Pride v. Summit Apartments*, No. 5:09-CV-861, 2010 WL 2521776, at 3 n.7 (N.D.N.Y. Jun. 16, 2010) (holding good cause existed, in part, because of plaintiff's *pro se* status and defendant was on notice of the action and not prejudiced by belated service).

Here, good cause exists to extend plaintiffs' time to effectuate service.  Plaintiffs are *pro se* litigants who attempted to serve nearly all defendants by certified mail.  Additionally, defendants are on notice of the action as they have appeared and filed motions to dismiss.  Thus, defendants will not be prejudiced by remedial service.

**C.** **Failure to State a Claim & Judgment on the Pleadings**

Nearly all defendants argue that plaintiffs do not meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and, thus, the action should be dismissed or the court should order a judgment on the pleadings in defendants' favor.  (Dkt. No. 15, Attach. 21 at 7-9; Dkt. No. 20, Attach. 4 at 6-9; Dkt. No. 54, Attach. 9 at 6-8; Dkt. No. 58, Attach. 4 at 5-8; Dkt. No. 67, Attach. 2 at 4-8.)  In reply, B. Robertson cites the general principles of pleading requirements.  (Dkt. No. 70 at 5.)

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure, and, similarly, a Rule 12(c) motion for judgment on the pleadings calls upon a court to gauge the facial sufficiency of that pleading using a standard which, though unexacting in its requirements, "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" in order to withstand scrutiny. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.v. Twombly*, 550 U.S. 554, 555 (2007)).  Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 677–78 (quoting Fed. R. Civ. P. 8(a)(2)).  While modest in its requirements, that rule commands that a complaint contain more than mere legal conclusions. *See id.* at 679.  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008).  As the Second Circuit has observed, "[w]hile *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" *Transhorn, Ltd. v. United Techs. Corp. (*In re *Elevator Antitrust Litig.)*, 502

F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).

Pleadings drafted by *pro se* plaintiffs must be construed liberally and held to lesser standards than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As such, reading a *pro se* complaint, the court must "interpret [the complaint] to raise the strongest arguments that [it] suggest[s]." *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002) (internal quotation marks and citation omitted). However, the "special solicitude" afforded to *pro se* litigants does not allow courts to read into a pleading claims that are inconsistent with the pleading's allegations, nor does it "exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks and citation omitted).

After reviewing plaintiffs' hefty and cluttered complaint, the court has deciphered two claims: a Fourteenth Amendment substantive due process claim and a state law ineffective assistance of counsel claim.[5] For the reasons below, these claims are dismissed. Additionally, allegations

_____

[5] In response to defendants' motions, B. Robertson more definitively outlines his factual allegations as they relate to specific defendants. (Dkt. No. 70 at 8-16.) While B. Robertson's opposition motion may be treated as effectively amending the complaint, *see Darvie v. Countryman*, No. 9:08-CV-0715, 2009 WL 161219, at *4 (N.D.N.Y. Aug. 11, 2008), the court declines to do so here because it would be unduly cumbersome and K. Robertson did not sign the opposition to the motions.

against certain defendants are dismissed for more fundamental reasons as discussed below.

1. *14th Amendment Substantive Due Process*

Plaintiffs allege defendants interfered with their family in violation of their substantive due process rights under the Fourteenth Amendment. (*See generally* Compl.)  "Parents have a substantive right under the Due Process Clause to remain together [with their children] without the coercive interference of the . . . state."  *Southerland v. City of New York*, 680 F.3d 127, 142 (2d Cir. 2011) (internal quotation marks and citation omitted). Yet, "this interest is counterbalanced by the compelling governmental interest in the protection of minor children, particularly . . . where the protection is considered necessary as against the parents themselves."  *Id.* at 152 (internal quotation marks and citation omitted).  A claim is only actionable if interference with a parent's liberty right is "so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection."  *Id.*

Here, plaintiffs do not direct their claim to any particular defendant, but generally argue that their substantive due process rights have been

violated because B. Robertson can no longer reside with his children pursuant to a Family Court order. (Compl. at 43-46, 149.) Although plaintiffs contend that the allegations in the neglect petition were false, Family Court found that plaintiffs neglected their children because B. Robertson posed a risk to his children as he was a level three sex offender convicted of sex crimes against minors. (Dkt. No. 42, Attach. 13 at 17-22.) In fact, B. Robertson conceded that he was a registered sex offender, and K. Robertson acknowledged his designation and still allowed him to reside with her minor children. (Compl. at 103, 111.) Thus, plaintiffs fail to demonstrate that the Family Court order was at all shocking, arbitrary, or egregious. Consequently, plaintiffs fail to state a substantive due process claim.

### 2.   *Ineffective Assistance of Counsel*

Plaintiffs allege ineffective assistance of counsel claims against Mauceri, B. Robertson's Family Court counsel, and Cocose, L.R.'s court-appointed counsel. (Compl. at 94, 96-99, 104.) As an initial matter, *pro se* litigants, who are not licensed attorneys, may not represent another's interest in federal court. *See Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002). As such, "a parent not admitted to the bar cannot bring an action

*pro se* . . . on behalf of his or her child." *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). Thus, plaintiffs lack standing to assert their daughter's claims, and the court dismisses claims against Cocose asserted on behalf of L.R.

Traditionally, there is no right to counsel in a civil case and client grievances must be pursued through separate malpractice actions. *See James v. United States*, 330 F. App'x 311, 313 (2d Cir. 2009). New York law, however, provides the right to counsel in neglect proceedings in Family Court. *See* N.Y. Fam. Ct. Act § 262(a)(iv). Thus, a client has cognizable claim for ineffective assistance if the client demonstrates that he or she received less than meaningful representation and suffered actual prejudice as a result. *See Matter of Julian P.* (*Colleen Q.*), 129 A.D.3d 1222, 1224 (3d Dep't 2015). Nonetheless, because all other claims are dismissed as discussed above and below, the court declines to exercise its supplemental jurisdiction over plaintiffs' state ineffective assistance claim. *See* 28 U.S.C. § 1367(c)(3).

3.    *42 U.S.C. § 1983*

Plaintiffs appear to allege claims pursuant to 42 U.S.C. § 1983 against all defendants. (*See generally* Compl.) At the outset, a plaintiff

must allege that a defendant is personally involved in the allegedly unconstitutional conduct to prevail on a Section 1983 claim. *See Grullon v. City of New Haven*, 720 F.3d 133, 138-39 (2d Cir. 2013). Here, plaintiffs fail to allege the personal involvement of defendants Roche, Jackson, Hein, Dr. Arp, Shelton, Iapoce, and Stein, and, consequently, these claims are dismissed.

### 4. *Eleventh Amendment Immunity*

Plaintiffs allege claims against defendants Ulster County Family Court, State of New York Office of the Attorney General, New York State Commission on Judicial Conduct, and New York State Division of Criminal Justice Services.[6] (Compl. at 1.) The Eleventh Amendment bars all federal court actions "against a state or its agencies absent a waiver of immunity or congressional legislation specifically overriding immunity." *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010). Because New York has not waived its immunity as to any of the claims alleged and

---

[6] Plaintiffs named the New York State Attorney General's Office and the New York Department of Criminal Justice System as defendants in their complaint. (Compl.) State defendants contend these are not properly named state agencies. (Dkt. No. 15, Attach. 21 at 1.) The court agrees and substitutes the above-referenced names. State defendants also claim that plaintiffs incorrectly sued the New York State Bar Association rather than the Committee on Professional Standards for the Third Judicial Department, (*id.*); however, there is no indication in plaintiffs' complaint that this was their intent.

these defendants are arms of the state, the claims are dismissed.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Gollomp v. Spitzer*, 568 F.3d 355, 365-67 (2d Cir. 2009); *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004).

     5.   *Judicial Immunity*

Plaintiffs assert numerous claims against Judge McGinty essentially alleging bias and failure to correct alleged violations that occurred during the Family Court proceedings.  (*See generally* Compl.)  Plaintiffs contend that Judge McGinty does not have judicial immunity because Family Court did not have jurisdiction over a proceeding commenced by an allegedly illegal neglect petition.  (*Id.* at 106.)  Judges have absolute immunity from liability for their judicial actions, *see Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009), and are subject to liability only for non-judicial actions or judicial actions "taken in the complete absence of all jurisdiction," *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  Accordingly, "even allegations of bad faith or malice cannot overcome judicial immunity" for a judge's official actions. *Bliven*, 579 F.3d at 209.  As a Family Court judge, Judge McGinty clearly had jurisdiction over the neglect proceedings even if the allegations within the petitions proved to be false.  *See Stump v. Sparkman*, 435 U.S. 349,

357 n.7 (1978).  Accordingly, he is absolutely immune from liability, and plaintiffs' claims against him are dismissed.

6.  *Absolute Immunity for DSS Attorneys and Caseworkers*

Plaintiffs allege that Allen, a DSS caseworker, and Joern, a DSS attorney, filed false neglect petitions against them in violation of the law. (Compl. at 77-78, 100.)  "[A]gency officials performing certain functions analogous to those of a prosecutor should be able to claim absolute immunity with respect to such acts."  *Butz v. Economou*, 438 U.S. 478, 515 (1978).  Attorneys who "initiate[] and prosecute[] child protective orders and represent[] the interests of [DSS] in Family Court [are] entitled to absolute immunity" from section 1983 liability.  *Cornejo v. Bell*, 592 F.3d 121, 128 (2d Cir. 2010) (internal quotation marks and citation omitted). Accordingly, Joern is absolute immune from suit for her representation of DSS in the Family Court proceedings.

Although caseworkers are generally entitled to qualified immunity for their investigative duties, *see id.*, plaintiffs, here, complain that Allen filed a false neglect petition.  This alleged conduct is more analogous to that of a prosecutor than an investigator, and, thus, Allen is also entitled to absolute immunity.  *See Emerson v. City of New York*, 740 F. Supp. 2d 385, 392-93

(S.D.N.Y. 2010) (holding that caseworkers were absolutely immune from suit for filing abuse and neglect petitions).

### 7.  *Other Claims*

To the extent that plaintiffs allege additional claims, such claims are dismissed under Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) requires that plaintiffs provide defendants with adequate notice of the claims alleged against them.  *See Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004).  Adequate notice is "that which will enable the adverse party to answer and prepare for trial."  *Id.* (internal quotation marks and citation omitted).  Although plaintiffs' complaint put defendants on notice of certain claims, *see supra* Part IV.C.1-2, the remainder of the complaint is ambiguous, confusing, and vague, and requires dismissal.  *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Nonetheless, because plaintiffs are *pro se* litigants, the court grants plaintiffs leave to amend their complaint in compliance with this order.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motions (Dkt. Nos. 15, 20, 42, 54, 58, 67) are **GRANTED** as follows:

**GRANTED** with respect to claims challenging Family Court's neglect finding or dispositional order against Ulster County Department of Social Services, which are **DISMISSED WITH PREJUDICE**; and

**GRANTED** with respect to claims pursuant 42 U.S.C. § 1983 against defendants Melissa Roche, Jillian E. Jackson, Esq., Michael Hein, Dr. Rebecca Arp, Lawrence R. Shelton, Esq., Michael Iapoce, and Ted J. Stein, Esq., which are **DISMISSED WITHOUT PREJUDICE**, and the Clerk is directed to terminate the parties from this action; and

**GRANTED** with respect to all claims against defendants Ulster County Family Court, the State of New York Office of the Attorney General, New York State Commission on Judicial Conduct, and New York State Division of Criminal Justice Services, which are **DISMISSED WITH PREJUDICE**, and the Clerk is directed to terminate these parties from this action; and

**GRANTED** with respect to all claims against defendant Judge Anthony McGinty, which are **DISMISSED WITH PREJUDICE**, and the Clerk is directed to terminate this defendant from this action; and

**GRANTED** with respect to claims pursuant to 42 U.S.C. § 1983 against defendants Jennifer Allen and Pamela Joern, Esq., which are

**DISMISSED WITH PREJUDICE**; and

**GRANTED** with respect to all claims raised on behalf of L.R. against Martin B. Cocose, Esq., which are **DISMISSED WITH PREJUDICE**; and

**GRANTED** with respect to plaintiffs' state law ineffective assistance of counsel claim against Michael C. Mauceri, Esq., which is **DISMISSED WITHOUT PREJUDICE**; and

**GRANTED** with respect to plaintiffs' Fourteenth Amendment substantive due process claim, which is **DISMISSED WITH PREJUDICE**; and

**GRANTED** with respect to all other claims against the remaining defendants: Ulster County, Ulster County Public Defenders Office, Andrew J. Gilday, Esq., Stein Legal Services, Karen McGeeney, New York State Bar Association, Donna Weiner, Cappy Weiner, which are **DISMISSED WITHOUT PREJUDICE**, and the Clerk is directed to terminate these defendants; and it is further

**ORDERED** that Dr. Arp's cross claims (Dkt. No. 26) are **DISMISSED**; and it is further

**ORDERED** that claims by and against Dr. Arp are further

**DISMISSED** pursuant to Fed. R. Civ. P. 25(a); and it is further

 **ORDERED** that plaintiffs are granted leave to file an amended complaint in full compliance with the Local Rules within thirty (30) days of the date of this Order; and it is further

 **ORDERED** that should plaintiffs file an amended complaint they must serve the named defendants according to Fed. R. Civ. P. 4; and it is further

 **ORDERED** that should plaintiffs fail to file an amended complaint, the Clerk shall close this case without further order, and it is further

 **ORDERED** that the Clerk provide a copy of this Order to the parties in accordance to the Local Rules.

**IT IS SO ORDERED.**

January 15, 2016
Albany, New York

Gary L. Sharpe
U.S. District Judge