**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BRIAN ROBERTSON et al.,**

                        **Plaintiffs,**

                **v.**

**JENNIFER ALLEN et al.,**

                        **Defendants.**

                          **1:15-cv-11
                          (GLS/CFH)**

_____

## **SUMMARY ORDER**

On January 15, 2016, the court entered a Memorandum-Decision and Order granting defendants' motions to dismiss or for a judgment on the pleadings and dismissing some of plaintiffs Brian and Keri Robertson's claims without prejudice.  (Dkt. No. 79.)  The court granted the Robertsons leave to amend their complaint within thirty days of the order.  (*Id.*)  On February 11, 2016, B. Robertson filed a submission entitled "(verified)" "Nature of case: claim" "claim: trespass, extortion [forgery]."  (Dkt. No. 80.) County defendants as well as defendants Cappy Weiner and Andrew Gilday filed letter submissions asking the court to close the case citing the Robertsons' noncompliance with the court's January 15, 2016 order.  (Dkt. Nos. 81-83.)

The court, however, construes B. Robertson's submission as an amended complaint, which was confirmed by plaintiff himself in a telephonic communication with the court. To that end, B. Robertson's amended complaint is timely.[1]

Despite the timely submission, B. Robertson's amended complaint still fails to state a claim on the merits. *See* Fed. R. Civ. P. 8(a), 12(b)(6). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.v. Twombly*, 550 U.S. 554, 570 (2007)); *see also Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008). As the Second Circuit has observed, "[w]hile *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'" *Transhorn, Ltd. v. United Techs. Corp. (*In re *Elevator Antitrust Litig.)*, 502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).

---

[1] K. Robertson has not submitted any filing in response to the court's order, and non-attorney B. Robertson cannot represent her interest in federal court. *See Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002). For that reason, the court directs the Clerk to terminate K. Robertson from this action.

2

Although defendants have not been served or formally moved to dismiss the amended complaint, "[a] district court has the inherent authority to 'dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee.'" *Preacely v. City of New York*, 622 F. App'x 14, 14 (2d Cir. 2015) (citing *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)). B. Robertson has paid the court's $400 filing fee and appears *pro se*. (Dkt. No. 5.) In his amended complaint, he seeks "[o]ne-hundred and [f]ourteen million, [f]orty-[e]ight thousand dollars" in damages for alleged trespass and forgery by a litany of defendants. (Am. Compl., Dkt. No. 80.) Despite the court's lengthy decision identifying the deficiencies in the original complaint, his two-page amended complaint does not allege any facts, and, therefore, fails to meet the plausibility requirement of *Iqbal* and *Twombly*. Consequently, the amended complaint is dismissed *sua sponte*. *See Fitzgerald*, 221 F.3d at 364.

Accordingly, it is hereby

**ORDERED** that K. Robertson be terminated from this action; and it is further

**ORDERED** that plaintiff B. Robertson's amended complaint (Dkt. No. 80) is **DISMISSED**; and it is further

**ORDERED** that the Clerk shall close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

March 2, 2016
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge